UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN "JACK" TROST | ) | CASE NO. 2:21-cv-00578 |
| | ) | |
| Plaintiff | ) | JUDGE JAMES L. GRAHAM |
| | ) | |
| v. | ) | MAGISTRATE JUDGE CHELSEY M. |
| | ) | VASCURA |
| KENNETH HOTCHKISS, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |

---

**MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT OF DEFENDANTS
KENNETH HOTCHKISS AND KIRK IMMENS**

---

R. Brian Borla (0077322)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron, OH 44333
(330) 670-7339 (T) * (330) 670-7453 (FAX)
bborla@hcplaw.net

Attorneys for Defendants
Kenneth Hotchkiss and Kirk Immens

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................................ii

I.      INTRODUCTION ........................................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................................. 2

III.    LAW AND ARGUMENT ............................................................................................... 4

        A.      Trost's claim of breach of fiduciary duty is not subject to the discovery
                rule and is barred by a four year statute of limitations ......................................... 4

        B.      Trost's claim of promissory estoppel is not subject to the discovery rule
                and is barred by a four year statute of limitations.................................................. 6

        C.      Trost's claim of fraud is subject to the discovery rule and is barred by a
                four year statute of limitations ................................................................................ 7

        D.      Trost's claim of unjust enrichment is not subject to the discovery rule and
                is barred by a four year statute of limitations ........................................................ 9

        E.      Trost's claim of civil theft under R.C. 2307.61 is subject to the discovery
                rule and is barred by a one year statute of limitations ......................................... 10

        F.      Trost's claim of civil conspiracy does not create a separate cause of action
                and is subject to the applicable statute of limitations for underlying causes
                of action ................................................................................................................ 11

IV.     CONCLUSION............................................................................................................. 11

CERTIFICATE OF SERVICE ......................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Auto Chem Laboratories, Inc. v. Turtle Wax, Inc.*, S.D.Ohio No. 3:07-CV-156, 2012 WL 293268, *6 ............................................................................................................ 9

*City of Cleveland Hts. v. City of Cleveland*, 8th Dist. Cuyahoga No. 79167, 2001 WL 1400015, *5............................................................................................................... 6

*Cully v. St. Augustine Manor*, 8th Dist. Cuyahoga No. 67601, 1995 WL 237129, *4 ...... 6, 11

*Cundall v. U.S. Bank,* 122 Ohio St. 3d 188, 194 (2009)....................................................... 3, 7, 8

*Duffey v. Pope*, S.D.Ohio No. 2:11-CV-16, 2012 WL 4442753, *11 ........................................ 10

*Durham v. Niffenegger*, S.D.Ohio No. 1:18-CV-0091, 2019 WL 1050018, *12, *report and recommendation adopted,* S.D.Ohio No. 1:18CV912019 WL 1367913 .............................. 11

*Flowers v. Walker*, 63 Ohio St.3d 546, 549, 589 N.E.2d 1284, 1287–88 (1992) ......................... 8

*Hambleton v. R.G. Barry Corp.* (12 Ohio St. 3d 179, 181 (1984)................................................. 3

*Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 249, 743 N.E.2d 484, 497–98 (2000) ...... 5

*Inv'rs REIT One v. Jacobs*, 46 Ohio St.3d 176, 181, 546 N.E.2d 206, 211 (1989)................. 7

*Karnes v. Doctors Hosp.*, 51 Ohio St.3d 139, 142, 555 N.E.2d 280, 283 (1990) ................... 6

*Lawyers Title Ins. Corp. v. MHD Corp.*, 6th Dist. Erie No. E-10-007, 2010-Ohio-5174, ¶ 54 .... 4

*Lee v. Equity Tr. Co.*, N.D.Ohio No. 1:21-CV-1052, 2021 WL 8342838, *6 ............................. 5

*Lowrey v. Trinity Health Corp.*, S.D.Ohio No. 2:07-CV-00143, 2008 WL 11351359, *4......... 11

*Marks v. Reliable Title Agency, Inc.*, 7th Dist. Mahoning No. 11 MA 22, 2012-Ohio-3006, ¶ 14................................................................................................... 4

*Marquardt v. Carlton*, N.D.Ohio No. 1:18 CV 333, 2019 WL 1491966, *3............................. 10

*Miami Valley Mobile Health Services, Inc. v. ExamOne Worldwide, Inc.*, 852 F.Supp.2d 925, 933 ................................................................................................................... 6

*Ohio Envtl. Dev. Ltd. P'ship v. Ohio Envtl. Protection Agency*, 10th Dist. No. 09AP–683, 2010–Ohio–414, at ¶ 17, 2010 WL 438142 ............................................................. 6

*O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84, 87, 447 N.E.2d 727, 730 (Ohio 1983)........ 6

*Palm Beach Co. v. Dun & Bradstreet, Inc.*, 106 Ohio App.3d 167, 175, 665 N.E.2d 718, 723 (Ohio Ct.App.1995) ...................................................................................................... 9

*Palmer v. Westmeyer*, 48 Ohio App.3d 296, 301, 549 N.E.2d 1202, 1207 (6th Dist.1988) ....... 11

*Red Carpet Studios v. Midwest Trading Group, Inc.*, S.D.Ohio No. 1:12CV501, 2016 WL 5661681, *6.................................................................................................... 9

*Sonis v. Rasner*, 8th Dist. No. 101929, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 73 ......................... 10

**Rules**

O.R.C. 2305.07 ................................................................................................................ 6, 9, 10

O.R.C. 2305.09 ................................................................................................................. 4, 5, 7

O.R.C. 2305.11 ....................................................................................................................... 10

O.R.C. 2307.61 ....................................................................................................................... 10

## I.    INTRODUCTION

In accordance with the Court's April 8, 2022 scheduling order, the Defendants have filed their motion for summary judgment addressing only procedural and/or preliminary issues that warrant judgment in their favor. For the reasons set forth below, Defendants request judgment in their favor on all six counts of Plaintiff's Amended Complaint.

Plaintiff, John Trost ("Trost) was a shareholder of Sportco Marketing Co. ("Sportco") from 1999 until his retirement in 2014. *Trost Dep., ECF No. 31 at PageID 176, 178.* Defendants Kirk Immens ("Immens") and Kenneth Hotchkiss ("Hotchkiss") were, at all material times, also shareholders of Sportco and the two members of the salary committee. *Id. at PageID 204, 215, 218.* Trost retired from Sportco and ceased being a shareholder on December 31, 2014. *Id. at PageID 176.* He admits that the Defendants owed him no duties once he retired from Sportco. *Id.* Further, he admits that he has been paid in full for the value of his Sportco shares following his retirement. *Id. at PageID 176-183.* And he is not making any claims that there was a breach of any applicable shareholder agreement. *Id. at PageID 189-190.*

Plaintiff filed this case on February 9, 2021, asserting claims for breach of fiduciary duty (Count I), Promissory Estoppel (Count II), Fraud (Count III), Unjust Enrichment (Count IV), Civil Theft Pursuant to ORC 2307.61 (Count V), and Civil Conspiracy (Count VI). *See, Complaint, ECF No. 1.* With leave of Court, Plaintiff filed an Amended Complaint on October 25, 2021 alleging the same six causes of action, making claims of pre-retirement breaches of duty in light of his admissions of no post-retirement wrongdoing. *See, Amended Complaint, ECF No. 16-1.* The basis of Trost's claims is straightforward. He alleges that the Defendants "approved large distributions to themselves without disclosing those payments to Plaintiff or

Sportco from at least 1999 to the present." *Id. at ¶4.* Furthermore, he claims that he did not

discover these financial distributions until December 2019 or January 2020. *Id at ¶5.* Contrary

to the allegations in the Amended Complaint, Trost admitted that he knew about the alleged

distributions as far back as 2006 and again in 2012, 2013 and 2014. *Trost Dep., ECF No. 31 at*

*Page ID 155–158.*

Despite the allegations in the Amended Complaint, all six counts are barred by the

applicable statute of limitations regardless of whether the particular claim is subject to a

discovery rule. Accordingly, Defendants are entitled to judgment in their favor as to all

allegations in the Complaint.

## II.     STATEMENT OF FACTS

The deposition of Trost was completed over two days. During his deposition, and

contrary to his allegations in his Amended Complaint that he "discovered" in 2019 or 2020 that

Immens and Hotchkiss paid themselves large distributions to his detriment, he made the

following admissions:

- Trost sent an email to Immens and Hotchkiss on February 20, 2006, after financial information and compensation of Sportco employees had been inadvertently disclosed, stating that he knows what everyone in the company makes and that he feels like he has been mistreated. *Trost Dep., ECF No. 31 at PageID 157-158.* The entire email is set forth below:

> Jack, Ron, Kirk,
> OK, I have cooled off now but I have a very ,very concerned discussion about salaries with Sportco. I will not disclose my source until a later date. But the first concern is I sold over 7 million in sales and most of that is in T/C. I dont have to be a mathametician to figure out what that brings to Sportco. I do understand that the new 4 guys in the east generated about 7 million dollars total and now I find out that 2 of them are making as much or up to $20,000 more than me a year.They have not generated a single dollar for this company yet and you offer them that kind of salary? I guess you guys must think, Hell I don't know what you think anymore.I take this as a real slap in the face. I also found out what everyone in this company makes encluding you three. We need to talk...... Jack Trost

*ECF No. 31-9.*

- Trost complained to Ron Kruse (another shareholder) and Hotchkiss **in 2006** that his compensation should be equal to all other shareholders. *Trost Dep., ECF No. 31 at PageID 160.*

- Trost knew in 2006 when he saw the financial compensation other shareholders were receiving, that he had been lied to. *Id. at PageID 158.*

- Trost knew in 2006 that he was not being paid what he should have. *Id. at PageID 161.*

- Trost "certainly knew" by the time of his retirement (December 31, 2014) that he had been "screwed" by Immens and Hotchkiss regarding his compensation. *Id. at PageID 160.*

- At the time of his retirement, Trost felt that Hotchkiss and Immens were lining their pockets instead of his and that he had been cheated. *Id. at PageID 161.*

- At the time of his retirement, Trost was presented with a separation agreement which included a release of all claims against Sportco, its employees, officers and shareholders. *Id. at PageID 212-214*. He knew when he received it that he had been screwed for at least 15 years. *Id. at PageID 214.*

- He spoke with Heidi Cordle, an employee of Sportco in December 2019 or January 2020 at which time she told Trost that he had been "screwed". Trost did not ask what she meant, because **he already knew he had been "screwed."** This was not new information. *Id. at PageID 151-153.*

- By 2019, Trost had already known that he had been "screwed" but he just couldn't prove it, "I knew how I got screwed, I just couldn't prove it." *Id. at PageID 155.*

As set forth below, Trost's claims are barred by the applicable statutes of limitations, regardless of whether the limitation period is subject to a discovery rule because Trost had constructive knowledge of facts that would lead a "fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry." *Cundall v. U.S. Bank,* 122 Ohio St. 3d 188, 194 (2009), *citing Hambleton v. R.G. Barry Corp.* (12 Ohio St. 3d 179, 181 (1984). The undisputed facts in this case, all from Trost himself, overwhelmingly demonstrates his knowledge of facts that caused his claims to accrue and the limitations period expire long before he filed suit on February 9, 2021.

### III.    LAW AND ARGUMENT

As discussed in each section below, each of Trost's claims are barred by the applicable

statute of limitations as follows:

Count I – Breach of Fiduciary Duty – No Discovery Rule; Four year limitations period.

Count II – Promissory Estoppel – No Discovery Rule; Four year limitations period.

Count III – Fraud – Discovery Rule; Four year limitation period.

Count IV – Unjust Enrichment – No Discovery Rule; Four year limitation period.

Count V – Civil Theft (R.C. 2307.61) – Discovery Rule; One year limitation period.

Count VI – Civil Conspiracy is subject to the limitations period of the underlying act.

### A.    <u>Trost's claim of breach of fiduciary duty is not subject to the discovery rule and is barred by a four year statute of limitations.</u>

A cause of action for breach of fiduciary duty arises at the time when the act occurs.

*Lawyers Title Ins. Corp. v. MHD Corp.*, 6th Dist. Erie No. E-10-007, 2010-Ohio-5174, ¶ 54. It

is subject to a four year statute of limitation as set forth in R.C. 2305.09. *Marks v. Reliable Title*

*Agency, Inc.*, 7th Dist. Mahoning No. 11 MA 22, 2012-Ohio-3006, ¶ 14. The discovery rule

does not apply to a claim for breach of fiduciary duty:

> Appellees cite *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 546
> N.E.2d 206, to support their contention that, under R.C. 2305.09, a breach-of-
> fiduciary-duty claim accrues when the act or commission constituting the breach
> occurs, rather than when the breach is discovered. *Investors REIT One* involved
> claims of negligence, fraud, and breach of fiduciary duties against the
> accountants, trustees, and attorneys of two real estate investment trusts. One of
> the issues before the Supreme Court was whether the "discovery rule" in R.C.
> 2305.09(D) applied to claims of professional malpractice, negligence and breach
> of trust. *Id.* at 179, 546 N.E.2d at 209. "The 'discovery rule' generally provides
> that a cause of action accrues for purposes of the governing statute of limitations
> at the time when the plaintiff discovers or, in the exercise of reasonable care,
> should have discovered the complained of injury." *Id.*

> The Supreme Court held that "[t]he legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute." *Investors REIT, supra,* at 181, 546 N.E.2d at 211.

> **This court interpreted *Investors REIT* to mean that a claim for breach of fiduciary duty accrues when the act or commission constituting the breach of fiduciary duty actually occurs and that the "discovery rule" does not apply to these claims**. *Hirschl v. Evans* (Mar. 27, 1996), Mahoning App. No. 94CA43, unreported, 1996 WL 146090; see, also, *Hater, supra,* 101 Ohio App.3d at 110, 655 N.E.2d at 196; *Kondrat v. Morris, supra,* 118 Ohio App.3d at 207, 692 N.E.2d at 251–252. "[T]o find that appellant's [breach-of-fiduciary-duty claim] arose when he suffered his loss would be, on this court's part, an unlegislated adoption of the discovery rule in instances not specifically set forth in R.C. 2305.09, an approach specifically rejected by the Supreme Court in *Investors REIT One*". *Hirschl, supra,* at *3.

> *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 249, 743 N.E.2d 484, 497–98 (2000). (Emphasis added).

Indeed, the Federal District Court for the Northern District of Ohio just recently decided this exact issue on December 20, 2021 in the case, *Lee v. Equity Tr. Co.*, N.D.Ohio No. 1:21-CV-1052, 2021 WL 8342838, *6. In *Lee*, the Court confirmed that R.C. 2305.09 provides a general limitations period of four years, and that the "[discovery] rule has not been extended to general negligence claims or claims for breach of fiduciary duty." *Id.* Rather, claims for breach of fiduciary duty accrue when the breach occurs. *Id.*

In the case at bar, as discussed above, Trost admits that Immens and Hotchkiss owed him no duties once he retired from Sportco and ceased being a shareholder. *Trost Dep., ECF No. 31 at PageID 176.* Thus, even if the Court disregarded Trost's admissions of the alleged breaches occurring as early as 2006, any breach of fiduciary duty must necessarily have accrued on or before December 31, 2014. Accordingly, the four year limitations period had expired prior to Trost filing suit in February 2021. Immens and Hotchkiss are entitled to judgment in their favor on Count I of Trost's Amended Complaint.

**B.      Trost's claim of promissory estoppel is not subject to the discovery rule and is barred by a four year statute of limitations.**

Promissory estoppel is a quasi-contractual claim. *Karnes v. Doctors Hosp.*, 51 Ohio St.3d 139, 142, 555 N.E.2d 280, 283 (1990). Claims of promissory estoppel are governed by R.C. 2305.07 and are subject to a six year limitations period. *Cully v. St. Augustine Manor*, 8th Dist. Cuyahoga No. 67601, 1995 WL 237129, *4. *See also, City of Cleveland Hts. v. City of Cleveland*, 8th Dist. Cuyahoga No. 79167, 2001 WL 1400015, *5.[1]

In determining the applicability of the discovery rule, this Court has already held that the discovery rule does not apply to claims of promissory estoppel, "Actions for promissory estoppel accrue when the wrongful act is committed, i.e. when the promise is broken." *Miami Valley Mobile Health Services, Inc. v. ExamOne Worldwide, Inc.*, 852 F.Supp.2d 925, 933, *citing, Ohio Envtl. Dev. Ltd. P'ship v. Ohio Envtl. Protection Agency, 10th Dist. No. 09AP–683, 2010–Ohio–414, at ¶ 17, 2010 WL 438142 (citing O'Stricker v. Jim Walter Corp., 4 Ohio St.3d 84, 87, 447 N.E.2d 727, 730 (Ohio 1983)).*

Just like Trost's claims for breach of fiduciary duty, there is no plausible argument that there was any claim of promissory estoppel after Trost retired on December 31, 2014. Accordingly, he was required to file suit on or before expiration of the six year limitation period, at a minimum, prior to December 31, 2020. He did not do so and Immens and Hotchkiss are entitled to judgment in their favor as to Count II of Trost's Amended Complaint.

---

[1] R.C. 2305.07 was amended by S.B. 13 which became effective February 25, 2021, created a four year statute of limitations for quasi-contractual claims like Trost's claim of promissory estoppel.

**C.    Trost's claim of fraud is subject to the discovery rule and is barred by a four year statute of limitations.**

Ohio Revised Code 2305.09(C) states that causes of action based upon fraud must be brought within four years after the cause accrued. Furthermore, the statute specifically states that the discovery rule applies to claims of fraud, "If the action is for trespassing underground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." *R.C. 2305.09.* This rule is well-accepted in Ohio. *Inv'rs REIT One v. Jacobs*, 46 Ohio St.3d 176, 181, 546 N.E.2d 206, 211 (1989). But the discovery rule does not provide relief to Trost in this case because he had constructive knowledge of the facts giving rise to his claim of fraud as early as 2006 and no later than December 31, 20214.

In *Cundall, supra,* the Ohio Supreme Court provided clear direction regarding the analysis of the discovery rule. The Court clarified that a cause of action for fraud accrues when the fraud is discovered, or when in the exercise of reasonable diligence, the fraud should have been discovered. *Cundall, supra, at 194.* Furthermore, the Court held:

> When determining whether the exercise of reasonable diligence should have discovered a case of fraud, **the relevant inquiry is whether the facts known ' "would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *." '** *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 181 [12 OBR 246], 465 N.E.2d 1298, quoting *Schofield v. Cleveland Trust Co.* (1948), 149 Ohio St. 133, 142 [36 O.O. 477], 78 N.E.2d 167." *Stokes v. Berick,* Lake App. No. 98–L–094, 1999 WL 1313668, *5.

> *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 29

Citing a case from the First District, the Supreme Court made it clear that the standard does not require the victim to possess concrete and detailed knowledge of the fraud, but rather, it only requires the victim to know sufficient facts to alert a reasonable person to the **possibility of fraud**:

> As the First District has recognized, "this standard does not require the victim of the alleged fraud to possess concrete and detailed knowledge, down to the exact penny of damages, of the alleged fraud; rather, the standard requires only facts sufficient to alert a reasonable person of the possibility of fraud." (Emphasis added.) Palm Beach Co. v. Dun & Bradstreet, Inc. (1995), 106 Ohio App.3d 167, 171, 665 N.E.2d 718. "[C]onstructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." (Emphasis sic.) Flowers v. Walker (1992), 63 Ohio St.3d 546, 549, 589 N.E.2d 1284.

> *Cundall v. U.S. Bank, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 30.*

As set forth in the Statement of Facts, Trost knew in 2006 that he had been lied too, that he was not being compensated fairly and was being "screwed." Trost knew at the time of his retirement on December 31, 2014 that he had been cheated, and by the time he filed this lawsuit in February 2021, he had been "screwed" by Immens and Hotchkiss for more than 15 years. The fact that he did not know how to prove it, is unavailing and has been rejected by the Supreme Court as a basis to extend the limitations period:

> Moreover, *constructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule. A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Rather, the "cognizable event" itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies. (internal citations omitted).

> *Flowers v. Walker*, 63 Ohio St.3d 546, 549, 589 N.E.2d 1284, 1287–88 (1992).

In this case, the evidence is overwhelming that Trost was aware of facts prior to December 31, 2014 that would have led a reasonable person to investigate the circumstances in order to pursue his remedies. Having waited for more than six years to file suit, Trost's claims are barred by the statute of limitations and must be dismissed.

**D.**     **Trost's claim of unjust enrichment is not subject to the discovery rule and is barred by a four year statute of limitations.**

Count IV of Trost's Complaint alleges unjust enrichment. Unjust enrichment claims, like claims for promissory estoppel, are quasi contractual and subject to a six year statute of limitations set forth in 2305.07. *Auto Chem Laboratories, Inc. v. Turtle Wax, Inc.*, S.D.Ohio No. 3:07-CV-156, 2012 WL 293268, *6. Furthermore, claims for unjust enrichment accrue "on the date that the money is retained under circumstances where it would be unjust to do so." *Id. citing, Palm Beach Co. v. Dun & Bradstreet, Inc., 106 Ohio App.3d 167, 175, 665 N.E.2d 718, 723 (Ohio Ct.App.1995).* Indeed, this Court has made it clear that the statute of limitations for unjust enrichment is not subject to equitable tolling or a discovery rule. *Id. See also, Red Carpet Studios v. Midwest Trading Group, Inc.*, S.D.Ohio No. 1:12CV501, 2016 WL 5661681, *6; *Palm Beach Co. v. Dun & Bradstreet, Inc., 106 Ohio App.3d 167, 175, 665 N.E.2d 718, 723 (Ohio Ct.App.1995).*

Trost admitted that he has been paid in full for the value of his shares after his retirement, and that there is no claim that Immens and Hotchkiss breached any shareholder agreement. *Trost Dep., ECF No. 31 at Page ID 176-183; 189-190.* Accordingly, any alleged unjust enrichment must necessarily have occurred prior to December 31, 2014, more than six years before suit was filed. And, as set forth in the Statement of Facts, Trost has admitted that he was aware that Hotchkiss and Immens wrongfully took large distributions (were unjustly enriched) long before he retired in 2014. Accordingly, Trost's claims of unjust enrichment are barred by the applicable statute of limitations and Immens and Hotchkiss are entitled to judgment in their favor.

**E.**     **Trost's claim of civil theft under R.C. 2307.61 is subject to the discovery rule and is barred by a one year statute of limitations.**

Whether claims seeking damages under R.C. 2307.61 are subject to the discovery rule has not been definitively decided in Ohio. Indeed, Courts that have been presented with the issue, have either not decided the whether the rule applies, or have held that whether the discovery rule applied was immaterial to the facts of the case because the plaintiff had constructive knowledge well before expiration of the one year limitation period. *Sonis v. Rasner*, 8th Dist. No. 101929, 2015-Ohio-3028, 39 N.E.3d 871, ¶ 73; *Marquardt v. Carlton*, N.D.Ohio No. 1:18 CV 333, 2019 WL 1491966, *3. In this case, like the other limitations periods subject to the discovery rule, it is irrelevant whether the discovery rule applies here because Trost's claim accrued no later than December 31, 2014 when he retired and was aware by that time of all of the Defendants' wrongdoing. *See generally, Statement of Facts.*

The Federal District Court for the Southern District of Ohio, in the case *Duffey v. Pope*, S.D.Ohio No. 2:11-CV-16, 2012 WL 4442753, performed a lengthy analysis of claims asserted under R.C. 2307.61, the same claims Trost has alleged here. In that case, the parties disputed whether the six year statute of limitations under R.C. 2305.07 or the one year limitations period applied in 2305.11(A). *Duffey v. Pope*, S.D.Ohio No. 2:11-CV-16, 2012 WL 4442753, *11. In *Duffy,* the Court concluded that legislature made it clear that R.C. 2307.61 was penalty or forfeiture statute and the one year limitation period of 2305.11(A) applies. *Id. at *11-12.*

As discussed at length herein, whether the discovery rule applies to Trost's claims for civil theft under R.C. 2307.61 is irrelevant as more than one year has passed since either the conduct complained of, or Trost's constructive knowledge of the conduct occurred. Therefore, Immens and Hotchkiss are entitled to judgment in their favor.

**F.** **Trost's claim of civil conspiracy does not create a separate cause of action and is subject to the applicable statute of limitations for underlying causes of action.**

It is well-established that a conspiracy cannot be made the subject of a civil action unless something is done which without the conspiracy would give a right of action. *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 301, 549 N.E.2d 1202, 1207 (6th Dist.1988); *Durham v. Niffenegger*, S.D.Ohio No. 1:18-CV-0091, 2019 WL 1050018, *12, *report and recommendation adopted,* S.D.Ohio No. 1:18CV912019 WL 1367913; *Lowrey v. Trinity Health Corp.*, S.D.Ohio No. 2:07-CV-00143, 2008 WL 11351359, *4 (Without the existence of an underlying unlawful act, a civil conspiracy claim will fail.). Because the underlying causes of action are barred by the applicable statutes of limitations, Trost's claims for civil conspiracy also fail as matter of law:

> Finally, a claim for conspiracy cannot be made subject of a civil action unless something is done which, in the absence of the conspiracy allegation, would give rise to an independent cause of action. *Katz v. Banniny* (1992), 84 Ohio App.3d 543, 552; *Palmer v. Westmeyer* (1988), 48 Ohio App.3d 296, 300; and *Stafford v. Greater Cleveland Regional Transit Auth.* (Dec. 23, 2993), Cuyahoga App. Nos. 63663 and 65530, unreported. **Thus, the applicable statute of limitations for the underlying cause of action applies to the civil conspiracy charge**. As already seen, because all of appellant's underlying causes of action are barred by the relevant statute of limitations, so too is appellant's conspiracy claim.
>
> *Cully v. St. Augustine Manor*, 8th Dist. Cuyahoga No. 67601, 1995 WL 237129, *4. (Emphasis added).

Immens and Hotchkiss are entitled to judgment in their favor on Count VI of Trost's Complaint since they have demonstrated that all of the underlying causes of action are barred by the applicable statutes of limitations.

**IV.** **CONCLUSION**

Trost's six count Amended Complaint, which amended his original complaint, filed February 9, 2021 should be dismissed in its entirety. Whether the applicable statute of

-11-

limitations is subject to the discovery rule or not makes no difference under the facts of this case. That is because Trost admitted during his deposition that he became aware of facts in 2006 that would have led a reasonable person to make further inquiry to determine whether he had a cause of action at that time. Trost admitted that for at least 15 years prior to his retirement in December 2014 that he knew he was being "screwed" by Immens and Hotchkiss, he knew he had been lied to regarding his compensation and equal pay amount the shareholders, and he knew in 2014 that Immens and Hotchkiss had been lining their pockets instead of his own. Yet, Trost offers no explanation why he waited for more than 6 years after his retirement to file suit. Indeed, he filed suit one month prior to receiving his final monthly payment towards his $300,000 share value. *Trost Dep., ECF No. 31 at Page ID* 177.

Defendants Kirk Immens and Ken Hotchkiss respectfully request the Court grant them summary judgment on all of Plaintiff's claims.

Respectfully submitted,

*/s/R. Brian Borla*

R. Brian Borla (0077322)
**HANNA, CAMPBELL & POWELL, LLP**
3737 Embassy Parkway, Suite 100
Akron, OH 44333
(330) 670-7339 (T) * (330) 670-7453 (FAX)
bborla@hcplaw.net

Attorney for Defendants
Kenneth Hotchkiss and Kirk Immens

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Memorandum in Support of Summary Judgment of Defendants Kenneth Hotchkiss and Kirk Immens* was filed electronically on June 1, 2022, with the Clerk using the CM/ECF system, which will notify all parties. Parties may access this document through the court's electronic-filing system.

/s/R. Brian Borla
R. Brian Borla (0077322)
Attorney for Defendants
Kenneth Hotchkiss and Kirk Immens

<<HCP #1231488-v1>>

-13-